**Randall Wade PROCTOR, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 12, 1992.

Permission to Appeal Dismissed by Supreme Court March 22, 1993.

**670**

Shipp R. Weems, Dist. Public Defender and Steve Stack, Asst. Dist. Public Defender, Charlotte, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Merrilyn Feirman, Asst. Atty. Gen., Nashville, and George C. Sexton, Asst. Dist. Atty. Gen., Charlotte, for the State.

1. In his petition, the petitioner alleges that the sentence for assault was six to twenty-one years.

2. Judges Russell, Daughtrey, and Special Judge Drowota sat as the original panel on appeal. When the issue of effective assistance of counsel on appeal is raised, the original panel should ordinarily review the claim. Tenn.Code Ann. § 40–30–103(b)(1); *State v. Clark,* 774 S.W.2d 634 (Tenn.Crim.App.1989). At oral argument,

*OPINION*

WADE, Judge.

The petitioner, Randall Wade Proctor, appeals from the trial court's denial of post-conviction relief. The issues presented for review are whether the petitioner's conviction violated double jeopardy principles or whether the petitioner was deprived of the effective assistance of counsel.

We vacate and re-enter our opinion dated July 18, 1977, for the purpose of permitting an application for permission to appeal to the Supreme Court. Otherwise, we affirm the trial court's denial of post-conviction relief.

The petitioner, a juvenile tried as an adult, is serving a life sentence for rape and a six to twelve-year sentence for assault with intent to commit murder.[1] The sentences are concurrent. Upon direct appeal, this court affirmed each of the two convictions. *Randall Wade Proctor v. State,* Nos. 9997 and 9998 (Tenn.Crim.App., Nashville, July 18, 1977). The facts supporting the convictions were described as "overwhelming":

> Within a short period of time the appellant, holding a knife on [the victim], forced her into the bathroom, forced her to take his penis in her mouth, pushed her to the floor, had sexual intercourse with her, and stabbed her in the chest two times.[2]

Slip op. at 4.

On June 26, 1989, the petitioner filed this action for post-conviction relief. The petitioner claims that, among other things, his trial counsel failed to properly investigate prior to trial and failed, after the convictions were affirmed by our court, to file an application for permission to appeal to the Supreme Court. Secondly, the petitioner asserts that because he was initially adjudged delinquent by the juvenile court, he was placed in prior jeopardy and should not have been tried as an adult.

no objection was made to this panel of judges. On November 13, 1991, our court adopted Rule 21 of the Court of Criminal Appeals requiring the issue of effective assistance of appellate counsel to be placed on the cover of the brief. No such designation appears on either the petitioner's or the state's brief. The panel issue has, therefore, been waived.

Initially, the trial court found that the petitioner received the effective assistance of counsel at trial. Contrary to the allegations in the petition, the trial court found that trial counsel filed motions for discovery for which he had received responses from the state; trial counsel was not surprised by any of the proof submitted by the prosecution; and trial counsel had conferred with the petitioner on several occasions during the two months prior to the proceedings.

The trial court also found that the petitioner and his counsel discussed thoroughly the issue of whether he should testify at trial; that refuted the petitioner's allegation that his trial counsel had failed to make any recommendation on the subject. It found that the only plea bargain offer made by the state was to allow the petitioner to enter a plea and take the maximum sentence or, in the alternative, allow the jury to fix the sentence.

Under those circumstances, we think it was understandable that trial counsel did not make a recommendation that the petitioner accept the offer. And, while the petitioner complains that his trial counsel failed to challenge the legality of the arrest, the trial court found that counsel did in fact contest the admissibility of the confession which followed the arrest, the confession being the only evidence acquired by the state incident to the arrest.

As to the allegation that counsel was ineffective for having failed to seek a rehearing in our court or apply for permission to appeal to the Supreme Court, the trial judge made the following finding:

> The Court finds that under the applicable rules of appellate procedure no grounds existed for either a re-hearing or certiorari [to the Supreme Court]. In any event, *the appropriate relief here would seem to be to grant a late filed appeal to the Supreme Court rather than a new trial.* However, the Court finds no grounds for relief exist in subparagraph (i).

> The Court having considered all allegations regarding ineffective assistance of counsel finds no grounds for relief. In fact, the Court finds that counsel was extremely diligent and that representation was within or beyond the range of competence demanded of attorneys in criminal cases.

(Emphasis added.)

As to the double jeopardy violation, the trial court found as follows:

> [T]here was no adjudicatory hearing in the Juvenile Court of Dickson County, Tennessee[,] prior to the Petitioner's trial in Circuit Court as an adult. The basis of the Court's finding is twofold. First, [trial counsel] testified that all present in the juvenile court on the day of the hearing knew the purpose of the hearing was to determine if the Petitioner *should or should not be transferred to Circuit Court for trial as an adult.* In fact, [trial counsel's] notes taken during the hearing are labeled "Transfer Hearing[."] Second, *although the Juvenile Court originally entered an erroneous order, it was later corrected according to law to reflect the statutory requirements and transferring the juvenile* to the Sheriff of Dickson County to be held according to law and to be dealt with for the alleged offense as provided in the criminal laws of Tennessee. Thus, under the facts of this case, there was no double jeopardy violation.

(Emphasis added.)

## I

The petitioner was arrested on September 3, 1975, arraigned before the juvenile court on the following day, and next appeared in that court on September 22, 1975. The Dickson County Juvenile Judge, William D. Field, was not an attorney.[3] Attorney Robert E. Burch, now a Circuit Judge, had been appointed as juvenile referee. At the conclusion of the hearing, the referee recommended that the petitioner be found delinquent and transferred to be tried as an adult. The juvenile judge concurred. Ten days later, on October 2, 1975, Judge Field signed an amended order omitting the delinquency lan-

---

**3.** In *State v. Briley,* 619 S.W.2d 149 (Tenn.Crim. App.1981), this court held that an attorney juvenile judge is not required for a transfer hearing.

Where, however, confinement may result, a judge who is a lawyer is mandated. *State ex rel. Anglin v. Mitchell,* 596 S.W.2d 779 (Tenn.1980).

guage and finding that the statutory grounds had been established for transfer and trial.

▮ Petitioner alleges that the state's presentation of the evidence of guilt had the effect of making the transfer hearing one on the merits of the charges. The petitioner reasons that a finding of delinquency established prior jeopardy.

The petitioner relies on *State v. Jackson,* 503 S.W.2d 185 (Tenn.1973). In *Jackson,* the Supreme Court held that a juvenile court trial for delinquency places the defendant in jeopardy; a subsequent trial as an adult would violate double jeopardy principles. Tenn. Const. art. 1, § 10. In *State v. Davis,* 637 S.W.2d 471 (Tenn.Crim.App.1982), this court held that the constitutional safeguard against double jeopardy was violated when the juvenile court "blended a transfer hearing with a hearing on the merits of the petition. . . ." *Id.* at 474. In *Davis,* the juvenile court held that the child was delinquent but the order also provided that he be transferred to the circuit court "to be dealt with as an adult." *Id.* at 473. *See Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975).

What distinguishes these cases from the facts here, however, is that the evidence supported the trial court's finding that the original proceeding was nothing more than a transfer hearing. Petitioner's trial counsel so testified; his notes were titled "transfer hearing." Upon discovering the surplusage in the order, the juvenile court entered an amended order to reflect the statutory finding necessary for the transfer of the juvenile. There was no imposition of sentence.

In summary, we find that the petitioner was not placed in jeopardy by the initial proceeding.

## II

The petitioner raised several claims of ineffective assistance of counsel at trial. For the first time on appeal, the petitioner alleged that his trial counsel was ineffective at the transfer hearing.[4] Finally, the petitioner alleges, and the state concedes, that counsel was ineffective on direct appeal by failing to advise of the right to pursue his appeal to the Tennessee Supreme Court. *See Pinkston v. State,* 668 S.W.2d 676, 677 (Tenn.Crim.App. 1984).

▮ In order for the petitioner to be granted relief on grounds of ineffective counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of the trial would have been different. *Baxter v. Rose,* 523 S.W.2d 930 (Tenn.1975); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The first component of the test established in *Strickland* is as follows:

A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case.

*Id.,* 466 U.S. at 690, 104 S.Ct. at 2066.

▮ As to the second component, there must be a reasonable probability that, but for counsel's unprofessional errors, "the result of the proceeding would have been different." 466 U.S. at 694–95, 104 S.Ct. at 2068. The "different" result need not be an acquittal. A reasonable probability of being found guilty of the lesser charge, or shorter sentence, satisfies the second prong in *Strickland. Chambers v. Armontrout,* 907 F.2d 825, 832 (8th Cir.1990).

▮ The ultimate standard is whether trial counsel's errors, if any, were so serious as to deprive the petitioner of a trial whose result is reliable. Unless each prong in

---

4. This issue was neither raised in the petitioner's *pro se* pleadings nor were any amendments filed by petitioner's post-conviction counsel. *See* Tenn.Code Ann. § 40–30–104(10).

*Strickland* is established, it cannot be said that the conviction resulted from a breakdown in the adversary process.

 Although there were no pleadings on the subject, the petitioner made a claim at the evidentiary hearing that his trial counsel was ineffective in the transfer proceeding in the juvenile court. In this appeal, he points out that counsel failed to consult with his client prior to the hearing, that counsel failed to conduct a preliminary investigation, and that counsel failed to present proof on whether the petitioner should have been transferred. The record, however, simply does not address the question of prejudice. From our review, the evidence presented at the evidentiary hearing does not demonstrate that, had trial counsel properly represented the petitioner at the juvenile level, there would have been no transfer.

The remaining allegations were general in nature, e.g., a failure to investigate, to research, or to prepare a defense strategy. Even if we were to find trial counsel deficient in some respects, however, we could not, under this record, determine that prejudice resulted. The state's evidence was overwhelming. Upon being advised that he had been identified by the elderly victim, the petitioner confessed to his crimes. His guilt was apparent. In short, the evidence in the record does not preponderate against the trial court's findings that the petitioner was not prejudiced by his trial counsel's performance.

 It does appear, however, that the petitioner's counsel unilaterally terminated the direct appeal following first tier review. In consequence, the petitioner is entitled to a delayed appeal under the rule established in *Pinkston.*[5]

Our opinion of July 18, 1977, is vacated and re-entered. Otherwise, the judgment of the trial court denying post-conviction relief is affirmed.

TIPTON, J., and WILLIAM M. DENDER, Special Judge, concur.

---

5. On direct appeal, the petitioner challenged the admissibility of his confession based upon *State v. Strickland,* 532 S.W.2d 912 (Tenn.1975). This crime was committed in 1975. Subsequently, the governing statute was changed. 1976 Tenn. Pub.Acts ch. 745. Even later, the Supreme Court dealt with the issue in *Colyer v. State,* 577 S.W.2d 460 (Tenn.1979). Petitioner's brief argues that the 1976 statute was erroneously applied to this case. The delayed appeal will provide the petitioner an opportunity to present the argument to the Supreme Court.