# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MARCH SESSION, 1998

FILED

December 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE, )
                      )    C.C.A. NO. 02C01-9710-CC-00387
        Appellee, )
                      )
                      )    MADISON COUNTY
VS. )
                      )    HON. JOHN FRANKLIN MURCHISON
MARCELLOUS BOND, )    JUDGE
                      )
        Appellant. )    (Post-Conviction - Sale and Delivery
                      )    of Cocaine)

FOR THE APPELLANT:

DANIEL J. TAYLOR
Assistant Public Defender
26th Judicial District
227 West Baltimore Street
Jackson, Tn 38301

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

CLINTON J. MORGAN
Counsel for the State
425 Fifth Avenue North
Cordell Hull Building, Second Floor
Nashville, TN 37243-0493

JERRY WOODALL
District Attorney General

NICK NICOLA
Assistant District Attorney
P. O. Box 2825
Jackson, TN 38301

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On January 13, 1993 a Madison County jury found Appellant, Marcellous Bond guilty of the sale and delivery of cocaine and fined him $5,000.00 on each count. The trial court sentenced Appellant on February 9, 1993 to an agreed sentence of 30 years as a Range III, persistent offender. Appellant filed a Petition for Post-Conviction Relief on June 11, 1993, alleging ineffective assistance of counsel and failure of counsel to file an appeal. The trial court denied the petition on August 9, 1994. Appellant appealed and this Court remanded the case to the trial court for a hearing with additional evidence on the issues of (1) ineffective assistance of counsel, and (2) whether Appellant waived his right to appeal the jury verdict. The trial court held a hearing on November 22, 1996 and December 13, 1996, and denied the petition for post-conviction relief on the grounds of ineffective counsel at trial, but granted Appellant a delayed appeal. Appellant filed a motion for a new trial on January 9, 1997, which was amended on September 10, 1997. The motion was overruled after a hearing on September 12, 1997. Appellant appeals from that decision from the trial court as well as from the trial court's denial of relief on the allegation of ineffective counsel. This Court, in the interest of judicial ecomony, sua sponte, consolidated Appellant's appeals on July 8, 1998.

## FACTS

On July 10, 1990, Tennessee Bureau of Investigation agent, Eric Patton purchased an "eight-ball" (or an eighth of an ounce) of cocaine from Appellant.

Agent Patton worked with a confidential informant, Michael Burgess, who introduced Patton as Burgess' cousin from Milwaukee. Agent Patton and Mr. Burgess flagged down Appellant and inquired about purchasing an eight-ball. Appellant replied that he didn't have it with him. Appellant told the pair to wait while he went to his mother's house. Appellant returned, saying that it was going to take longer, because he was going to pick up some more cocaine. Later Agent Patton and Mr. Burgess saw Appellant when they went to the store. Appellant waved them down and asked them to follow him to his mother's house. Upon arriving at a house, Appellant went inside, stayed about ten minutes, and came out, bringing Agent Patton two small bags containing a white powder substance. Agent Patton paid Appellant the $250.00 which Appellant had told him the cocaine would cost.

Agent Patton turned the bags into the Tennessee Bureau of Investigation lab where it was tested and analyzed. The tests revealed that the substance was cocaine.

## I. SUFFICIENCY OF THE EVIDENCE

Appellant initially contends that the evidence is insufficient to support the jury's verdict, challenging the credibility of Michael Burgess and Agent Eric Patton. When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony

of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Id. (*citing* State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)). Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Harris, 839 S.W.2d 54, 75; Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Mathews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." Id. at 779. Finally, the Tennessee Rules of Appellate Procedure, Rule 13(e) provides, "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact beyond a reasonable doubt." *See also* State v. Mathews, 805 S.W.2d at 780. Questions concerning the credibility of witnesses and the weight to be given to testimony

and evidence are questions which must be resolved by the jury as the trier of fact. This Court will not second guess the jury's determinations. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Mr. Burgess testified that he led Agent Patton to Appellant and watched the exchange of money for drugs. Agent Patton identified Appellant as the man from whom he purchased the drugs. Tennessee Bureau technician Lisa Mayes testified that the substance purchased by Agent Patton from Appellant was cocaine. The evidence presented was more than sufficient. This issue is without merit.

## II. POST-CONVICTION RELIEF

Appellant further contends that the trial court erred in denying his petition for post-conviction relief based upon the ineffective assistance of counsel at trial. We disagree. In order for the petitioner to be granted relief on grounds of ineffective counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of the trial would have been different. Baxter v. Rose, 523 S.W.2d 930 (Tenn.1975); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The first component of the test established in Strickland is as follows:

A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case.

Id., 466 U.S. at 690, 104 S.Ct. at 2066.

To meet the second prong of the Strickland test, there must be a reasonable probability that, but for counsel's unprofessional errors, "the result of the proceeding would have been different." Id., 466 U.S. at 694-95, 104 S.Ct. at 2068. The "different" result need not be an acquittal. A reasonable probability of being found guilty of the lesser charge, or shorter sentence, satisfies the second prong in Strickland. Chambers v. Armontrout, 907 F.2d 825, 832 (8th Cir.1990).

The ultimate standard is whether trial counsel's errors, if any, were so serious as to deprive the petitioner of a trial whose result is reliable. Unless each prong in Strickland is established, it cannot be said that the conviction resulted from a breakdown in the adversary process.

Proctor v. State, 868 S.W.2d 669, 673 (Tenn. Crim. App. 1992).

Appellant failed to establish by a preponderance of the evidence that the services provided by his counsel fell below the range of competence demanded

of attorneys in criminal cases. He further failed to prove that but for his attorney's performance the results of the trial would have been different. Appellant complained that his counsel met with him only three times before trial, that counsel failed to properly file pre-trial motions, and that counsel failed to comply with Rule 37 of the Rules of Criminal Procedure in neglecting to appeal Appellant's case. At the hearing on this matter, Appellant did not present any evidence that three meetings with counsel was insufficient in a case of this sort. Moreover, defense counsel estimated the number of meetings to be substantially higher. Evidence presented also showed that the trial court heard and denied the two pre-trial motions filed by defense counsel. The fact that such motions were not placed in the record did not prejudice Appellant. Appellant does not allege what other motions should have been filed. Finally, Appellant has received appellate review of his conviction in this appeal. In light of the overwhelming evidence against Appellant, we cannot find that any of the potential omissions by counsel, even if Appellant's allegations are accepted as presented, could have prejudiced Appellant. Without a showing of prejudice, Appellant is not entitled to post-conviction relief. Procter v. State, 868 S.W.2d 669, 672 (Tenn. Crim. App. 1992). This issue is without merit.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE[1]


_____
GARY R. WADE, JUDGE

_____

[1]The Honorable Joe B. Jones died May 1, 1998, and did not participate in this opinion. We acknowledge his faithful service to the Tennessee Court of Criminal Appeals, both as our colleague and as our Presiding Judge.