IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 27, 2006

## RAFAEL ANTONIO BUSH v. STATE OF TENNESSEE

**Appeal from the Circuit Court of Rutherford County**
**No. 57073     James K. Clayton, Jr., Judge**

---

**No. M2005-02967-CCA-R3-PC - Filed September 7, 2006**

---

The Petitioner, Rafael Antonio Bush, was convicted of especially aggravated robbery, aggravated burglary, and aggravated assault and received an effective twenty-two year sentence in the Tennessee Department of Correction. He filed a petition for post-conviction relief, alleging that he had not received the effective assistance of counsel at trial. The post-conviction court dismissed the petition after a hearing, and this appeal ensued. On appeal, the Petitioner contends that his trial counsel was ineffective for failing to request that the jury be instructed about accomplice testimony. Finding no reversible error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the Petitioner, Rafael Antonio Bush.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Thomas S. Santel, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Background and Facts**

This case arises from the Petitioner's filing of a petition for post-conviction relief in the Rutherford County Circuit Court. On April 14, 2004, this Court issued an opinion affirming the Petitioner's convictions for especially aggravated robbery, aggravated burglary, and aggravated assault. State v. Rafael Antonio Bush, No. M2002-02390-CCA-R3-CD, 2004 WL 794755 (Tenn. Crim. App., at Nashville, Apr. 14, 2004), *perm. app. denied* (Tenn. Oct. 4, 2004). On May 11, 2005, the Petitioner filed a petition for post-conviction relief alleging that at trial he received the ineffective assistance of counsel.

Hearings on the petition was held on August 4 and September 19, 2005, at which the following evidence was presented: The Petitioner's trial counsel ("Counsel") testified that he met with the Petitioner prior to the Petitioner's trial to discuss with him the defense's theory of the case. He said that their theory, which incorporated the Petitioner's statements to police, was that the Petitioner was with the men who committed this crime but that he had not shot anyone or entered into the house. At the time of trial, Counsel was aware that one of the victims had identified one of the Petitioner's co-defendants at a preliminary hearing.

Counsel agreed that at trial two co-defendants testified and that the Petitioner also testified on his own behalf. Counsel testified that he looked over the jury charges and did not think that the jury had been charged on accomplice testimony. He said that he recalled that there was a charge conference, but he did not recall whether the conference was on the record. Counsel said that he did not request an accomplice instruction because part of his theory of the case was to try to distance the Petitioner from his co-defendants.

During cross-examination, the following transpired:

[The State:] And you testified here today that your strategy was to minimize - - I guess would be an effective way to state it - - to minimize [the Petitioner's] involvement in this.
[Counsel:] Yes, sir.
[The State:] In that he did not enter the house, was not the shooter. And, in fact, you argued to the jury that, if anything, he was just a facilitator.
[Counsel:] Sometimes we'll call that the with-them defense. And that was probably the best that we had based upon the evidence that was going to be admitted.

Counsel testified that he did not recall whether he requested a jury instruction on accomplice testimony, but, whether he did or not, his theory was to distance the Petitioner from the Petitioner's co-defendants. Counsel testified that there was proof other than accomplice testimony that implicated the Petitioner in this crime. Specifically, one of the victims identified the Petitioner during the trial as being the person who had "pistol whipped" him and shot him while he held his child. Additionally, the Petitioner's statement to the police placed the Petitioner at the scene of the crime. Counsel testified that he vigorously cross-examined the Petitioner's co-defendants and that he made the co-defendants' credibility an issue. Counsel opined that, even had the jury been instructed on accomplice testimony, the ultimate outcome of the trial would be the same.

On redirect examination, Counsel agreed that the accomplice instruction to the jury tells them to be leery of the testimony of accomplices.

At the conclusion of the presentation of evidence, the post-conviction court found that not requesting the accomplice testimony jury instruction was a strategic choice made by Counsel in an attempt to distance the Petitioner from his co-defendants.

## II. Analysis

On appeal, the Petitioner contends that the post-conviction court erred when it denied his post-conviction petition alleging the ineffective assistance of trial counsel because Counsel failed to request a jury instruction on accomplice testimony. The State counters that the evidence does not preponderate against the trial court's finding that Counsel's decision was a strategic one. Further, the State asserts that the Petitioner was not prejudiced by any of the tactical decisions made by Counsel.

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2003). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show: (1) that counsel's performance was deficient; and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A defendant will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the Strickland test. See Henley, 960 S.W.2d at 580. The performance prong requires a defendant raising a claim of ineffectiveness to show that the counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. House v. State, 44 S.W.3d 508, 515 (Tenn. 2001) (citing Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) and Strickland, 466 U.S. at 688). The prejudice prong requires a defendant to demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, "'the result of the proceeding would have been different.'" Proctor v. State, 868 S.W.2d 669, 672 (Tenn. Crim. App. 1992) (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Failure to satisfy either prong results in the denial of relief. Id. at 697.

In <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975), our Supreme Court concluded that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the Court stated that the range of competence was to be measured by the duties and criteria set forth in <u>Beasley v. United States</u>, 491 F.2d 687, 696 (6th Cir. 1974), and <u>United States v. DeCoster</u>, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). <u>Baxter</u>, 523 S.W.2d at 936. Also, in reviewing counsel's conduct, a "'fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" <u>Carter v. State</u> 102 S.W.3d 113, 115 (Tenn. Crim. App. 2002) (quoting <u>Strickland</u>, 466 U.S. at 689). Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. <u>House</u>, 44 S.W.3d at 515. Deference is given to trial strategy or tactical choices only if they are informed ones based upon adequate preparation. <u>Id.</u>

As noted previously, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. <u>Henley</u>, 960 S.W.2d at 578. In the case at bar, the evidence presented does not preponderate against the post-conviction court's findings of fact. Counsel chose and discussed with the Petitioner a trial strategy that included distancing the Petitioner from his co-defendants. In that regard, Counsel did not request a jury instruction on accomplice testimony. Further, as Counsel pointed out, such an instruction would have informed the jury that it could not rely on accomplice testimony alone to convict the Petitioner, and there was other direct evidence presented by the State implicating the Petitioner. The fact that Counsel's strategy did not ultimately prove successful is not enough, alone, to support a claim of ineffective assistance. <u>See House</u>, 44 S.W.3d at 515. Further, the Petitioner has failed to prove that he was prejudiced by Counsel's representation. Therefore, the Petitioner is not entitled to relief on this issue.

### III. Conclusion

In accordance with the foregoing, we conclude that the post-conviction court committed no reversible error. Therefore, the judgement of the post-conviction court is affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE