# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST SESSION, 1998


October 9, 1998

**FILED**

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **CHRISTOPHER HENDERSON,** | ) | **C.C.A. NO. 01C01-9710-CR-00493** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. CHERYL BLACKBURN** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction)** |

FOR THE APPELLANT:

JAMES ROBIN MCKINNEY, JR.
One Washington Square
Suite 103
214 Second Avenue North
Nashville, TN 37201

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Senior Counsel

KIM R. HELPER
Legal Assistant
425 Fifth Avenue North
Nashville, TN 37243-0493

VICTOR S. JOHNSON
District Attorney General

ROGER MOORE
Assistant District Attorney
500 Washington Square
222 Second Avenue North
Nashville, TN 37201

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On May 6, 1994, Appellant, Christopher Henderson, pled guilty to especially aggravated robbery and aggravated assault. The Davidson County trial court sentenced Appellant to twenty-five years on the especially aggravated robbery conviction and six years on the aggravated assault conviction. The trial court ordered that the sentences served concurrently with each other but consecutively to a ten-year sentence Appellant was serving in Wisconsin. Appellant filed a pro se Petition for Post-Conviction Relief on July 8, 1996; counsel was appointed, and an amended petition was filed on November 27, 1996 which stated that Appellant's rights were violated by trial counsel's failure to adequately investigate Appellant's case, as well as by misinformation supplied to Appellant by counsel regarding his release eligibility date. Appellant appeals from the trial court's dismissal of his petition.

After a review of the record, we affirm the judgment of the trial court.

## FACTS

Appellant was charged with especially aggravated robbery, aggravated assault and theft of property after an incident in the Davidson County home of Mr. and Ms. Underwood. Appellant was admitted into the Underwood home after he knocked on the door and asked to use the telephone. The victims overheard Appellant asking someone for help in changing a flat tire. After Appellant hung up, his demeanor shifted: Mr. Underwood described it in terms of Appellant "raving like a mad man." Appellant cut Mr. Underwood with a knife on the cheek and hands. He also cut Ms. Underwood on the chest and threw a rocking chair

at her before running off with her purse. The police, in investigating the incident, hit redial on the phone, and found that Appellant had called Charles Henderson. Mr. Henderson reported that he had recently spoken with his brother, Appellant, about a flat tire. Mr. and Ms. Underwood later viewed a photo line up and identified Appellant as the person who attacked them.

Appellant was originally represented by the Metropolitan Public Defender's Office, but eventually hired Andrei Lee as counsel in the case. At the post-conviction hearing, Ms. Lee testified that she spoke with Appellant's prior counsel at the Public Defender's Officer, but that she did not attempt to review any file that office might have assembled on Appellant's case. Ms. Lee also stated that she was unable to track down a potential alibi witness named by Appellant because Appellant gave her insufficient information to locate the person. Ms. Lee stated that her research revealed that Appellant's drug use was an insufficient ground for a mental health defense. Ms. Lee further stated that she found no basis upon which to object to the photo line up. Ms. Lee testified that she reviewed the State's plea offer with Appellant and did not tell him that he would be released within a year of his return to Tennessee from Wisconsin.

## POST-CONVICTION RELIEF

Appellant contends that the trial court erred in denying his petition for post-conviction relief based upon the ineffective assistance of counsel. We disagree. In order for the petitioner to be granted relief on the grounds of ineffective assistance of counsel, he must establish that the advice given or the services rendered were not within the range of competence demanded of attorneys in

criminal cases and that, but for his counsel's deficient performance, the result of the trial would have been different. Baxter v. Rose, 523 S.W.2d 930 (Tenn.1975); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The first component of the test established in Strickland is as follows:

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case.
>
> Id., 466 U.S. at 690, 104 S.Ct. at 2066.

To meet the second prong of the Strickland test, there must be a reasonable probability that, but for counsel's unprofessional errors, "the result of the proceeding would have been different." Id., 466 U.S. at 694-95, 104 S.Ct. at 2068. The "different" result need not be an acquittal. A reasonable probability of being found guilty of the lesser charge, or shorter sentence, satisfies the second prong in Strickland. Chambers v. Armontrout, 907 F.2d 825, 832 (8th Cir.1990).

> The ultimate standard is whether trial counsel's errors, if any, were so serious as to deprive the petitioner of a trial whose result is reliable. Unless each prong in Strickland is established, it cannot be said that the conviction resulted from a breakdown in the adversary process.

Proctor v. State, 868 S.W.2d 669, 673 (Tenn. Crim. App. 1992)

"In post-conviction relief proceedings, the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). This Court should not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation, Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W. 2d 276, 280 (Tenn. Crim. App. 1980). In the matter sub judice, the trial court found that the testimony of Appellant was not credible on the issue of Ms. Lee's representation, and further found that Appellant was well represented by Ms. Lee. We find no evidence to the contrary. Without a showing of prejudice, Appellant is not entitled to post-conviction relief. Procter v. State, 868 S.W.2d 669, 672 (Tenn. Crim. App. 1992). This issue is without merit.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE


_____
JOHN K. BYERS, SENIOR JUDGE